UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-CV-10077

COMMODITY FUTURES TRADING COMMISSION

v.

MY BIG COIN PAY, INC. et al.

ORDER

October 29, 2020

ZOBEL, S.D.J.

Defendant Randall Crater and Relief Defendants Kimberly Renee Benge, Barbara Crater Meeks, and Erica Crater (movants) request that this Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from its September 26, 2018 order denying their motion to dismiss, Docket # 154.  See CFTC v. My Big Coin Pay, Inc., 334 F. Supp. 3d 492, 494 (D. Mass. 2018).

I.  **Discussion**

Certification for appellate review of an interlocutory order is governed by section 1292(b) when (1) an order involves a "controlling question of law," (2) as to which "there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Movants rely on two cases to demonstrate that a difference of opinion exists about the definition of "commodity" under the CEA.  The first case is silent on the issue

1

that was before me on the motion to dismiss: whether a court should look to the class of items or the particular item when defining a commodity. See Bd. of Trade of the City of Chicago v. S.E.C., 677 F.2d 1137, 1142 (7th Cir. 1982). The only other case movants cite, CFTC v. McDonnell, 287 F. Supp. 3d 213, 227 (E.D.N.Y. 2018), supports the Court's reasoning for denying the motion to dismiss. See My Big Coin Pay, Inc., 334 F. Supp. 3d at 498 n.9. The motion for certification thus fails to show a substantial ground for a difference of opinion. See Henderson v. Bank of New York Mellon Corp., No. CV 15-10599-PBS, 2016 WL 11003504, at *3 (D. Mass. Feb. 17, 2016) (declining to certify an interlocutory appeal because the movants failed to identify factually analogous authority that conflicted with the district court's ruling).

In addition, the motion, filed nearly eighteen months after this Court's order, is untimely. Defendant Crater suggests that the delay was due to his lack of resources resulting from an asset freeze in parallel criminal litigation. However, the grand jury returned the indictment in the criminal case five months after this Court's order. See Scanlon v. M.V. Super Servant 3, 429 F.3d 6, 8 (1st Cir. 2005) (district court denied as untimely motion to amend order to certify for interlocutory appeal filed more than four months after order issued).

## II. Conclusion

Defendants' Motion for Leave to Appeal (Docket # 154) is DENIED.

October 29, 2020
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE